IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JODEE LESTER,<br><br>                Plaintiff,<br><br>v.<br><br>CONOCO PHILLIPS; WOODGROUP PSN, INC.,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [49] DEFENDANTS' JOINT EXPEDITED MOTION TO STRIKE PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT AND THE DECLARATIONS OF KELLY O'DELL AND STEVE BECK**<br><br>Case No. 4:18-CV-00022-DN-EJF<br><br>District Judge David Nuffer |

Defendants Wood Group PSN, Inc. and ConocoPhillips (collectively "Defendants") moved to strike (the "Motion")[1] Plaintiff Jodee Lester's ("Plaintiff") Joint Counter-Motion for Summary Judgment ("Plaintiff's Counter Motion for Summary Judgment")[2] and two declarations that were attached to Plaintiff's motion.[3] Specifically, Defendants argue that striking Plaintiff's Counter Motion for Summary Judgment is appropriate because it was untimely filed. Defendants also argue that striking the declarations is appropriate because Plaintiff failed to

---

[1] Defendants' Joint Expedited Motion to Strike Plaintiff's Counter-Motion for Summary Judgment and the Declarations of Kelly O'Dell and Steve Beck, docket no. 49, filed November 20, 2019.

[2] Plaintiff's Joint Motion to Conoco Phillips' and Wood Groups' Motion for Summary Judgment, docket no. 46, filed November 11, 2019.

[3] Plaintiff's Counter Motion for Summary Judgment, Exhibit 26, Declaration of Steve Beck, docket no. 46-26, filed November 11, 2019; Plaintiff's Counter Motion for Summary Judgment, Exhibit 27, Declaration of Kelly O'Dell page 1, docket no. 46-27, filed November 11, 2019; Plaintiff's Counter Motion for Summary Judgment, Exhibit 28, Declaration of Kelly O'Dell page 2, docket no. 46-28, filed November 11, 2019; Plaintiff's Counter Motion for Summary Judgment, Exhibit 29, Declaration of Kelly O'Dell page 3, docket no. 46-29, filed November 11, 2019;

produce them during the allotted discovery period. Plaintiff opposed the Motion[4] and Defendants replied in support.[5]

Because Plaintiff's Counter Motion for Summary Judgment was filed seven weeks after the dispositive motion deadline and because Plaintiff did not provide the subject disclosures as would have been required during the discovery period, the Motion is GRANTED.

## BACKGROUND

The scheduling order entered on April 19, 2019, established that fact discovery was to close on June 28, 2019 and that dispositive motions were to be filed by September 16, 2019.[6] On September 12, 2019, Defendant Wood Group PSN filed a motion requesting an extension until September 23, 2019 to file a dispositive motion.[7] That motion indicated that counsel for Defendant Wood Group PSN had conferred with counsel for Defendant Conoco Philips who did not oppose the extension.[8] That motion also specified that efforts to reach Plaintiff's counsel to discuss a stipulation were unsuccessful.[9]

The motion to extend the dispositive deadline was taken under advisement, and Plaintiff was given a deadline respond.[10] Plaintiff did not respond by the assigned deadline and the motion to extend the deadline was granted with the specific directive that the deadline was

---

[4] Plaintiff's Opposition to Defendant's Joint Motion to Strike ("Opposition"), docket no. 51, filed November 22, 2019.

[5] Defendants' Reply Brief in Support of Their Joint Expedited Motion to Strike Plaintiff's Counter-Motion for Summary Judgment and the Declarations of Kelly O'Dell and Steve Beck ("Reply"), docket no. 54, filed November 25, 2019.

[6] Scheduling Order, docket no. 31, filed April 19, 2019.

[7] Motion for Extension of Summary Judgment Deadline, docket no. 38, filed September 12, 2019.

[8] *Id.* at 2.

[9] *Id.*

[10] Docket Text Order Taking Under Advisement [38] Motion for Extension of Time, docket no. 40, filed September 12, 2019.

extended for *all* parties until September 23, 2019.[11] Defendants timely filed dispositive motions on the day of the new deadline.[12] Plaintiff did not file a dispositive motion, nor did Plaintiff move for an extension of time to file one.

On October 17, 2019, Plaintiff filed a stipulated motion to extend the deadline to file her oppositions to Defendants' dispositive motions.[13] Plaintiff represented that, due to scheduling deadlines and hearings on other matters, additional time was necessary for Plaintiff to respond to the two dispositive motions.[14] Again, Plaintiff did not in this motion request leave to file a belated dispositive motion. That Motion was granted,[15] and on November 11, 2019, Plaintiff filed oppositions to Defendants' motions.[16]

That same day, and 49 days after the expiration of the dispositive motion deadline, Plaintiff filed the Joint Counter-Motion for Summary Judgment.[17] In place of a statement of undisputed facts in that motion, Plaintiff incorporated by reference her *responses* to Defendant WoodGroup PSN's statement of undisputed facts from her memorandum in opposition.[18] Those responses cited two declarations attached to the Joint Counter-Motion for Summary Judgment and offered by Plaintiff's former coworkers Steve Beck and Kelly O'Dell.[19]

---

[11] Order Granting [38] Motion to Extend Deadline for Summary Judgment, docket no. 41, filed September 13, 2019.

[12] Conoco Philips' Motion for Summary Judgment, docket no. 42, filed September 23, 2019; Defendant Wood Group PSN's Motion for Summary Judgment, docket no. 43, filed September 23, 2019.

[13] Stipulated Motion to Extend Parties Briefing Deadlines, docket no. 44, filed October 17, 2019,

[14] *Id.* at 1.

[15] Order Granting Stipulated Motion to Extend Parties' Briefing Deadlines, docket no. 45, filed October 18, 2019.

[16] Opposition to Conoco Phillip's Motion for Summary Judgment, docket no. 47, filed November 11, 2019; Opposition to Wood Group's Motion for Summary Judgment, docket no. 48, field November 11, 2019.

[17] Plaintiff's Joint Motion to Conoco Phillips' and Wood Groups' Motion for Summary Judgment, docket no. 46, filed November 11, 2019.

[18] *Id.* at 4.

[19] Opposition to Wood Group's Motion for Summary Judgment at 2, 5, 8-10.

Although those declarations were dated March 13, 2019, well before the fact discovery deadline of June 28, 2019, Defendants maintain that these declarations were never supplied to them during the fact discovery period.[20]

## DISCUSSION

### I. Plaintiff's Motion for Summary Judgment is Untimely and Plaintiff Has Not Provided a Valid Reason for the Belated Filing

"'District courts enjoy broad discretion to manage' their dockets and to consider motions that are not timely filed under their scheduling orders."[21] However, a "'Scheduling Order is not a frivolous piece of paper, idly entered with can cavalierly disregarded by counsel without peril.'"[22] 'To the contrary, a scheduling order is an important tool necessary for the orderly preparation of a case for trial."[23] "Deliberate inaction" is not sufficient to establish good cause for a party's failure to observe the dispositive deadline in a Scheduling Order.[24]

In response to the Motion, Plaintiff does not argue that good cause exists to consider the Counter Motion for Summary Judgment on its merits despite the untimely filing, nor does she offer citation to case law that would support denial of Defendants' Motion. Instead, Plaintiff argues that filing the Counter Motion for Summary Judgment 49 days after the expiration of the dispositive motion deadline was appropriate under DUCivR 7-1 (b)(1)(A)(1) and supported by the advisory committee note in the 1946 Amendment to Fed R. Civ. P. 56.[25] Plaintiff's interpretation of this rule and this note is incorrect.

---

[20] Motion at 2-3.

[21] *Gardner v. Deseret Mut. Benefit Administrators*, No. 2:14-CV-00602, 2016 WL 1595359, at *1 (D. Utah Apr. 20, 2016) (quoting *Grynberg v. Ivanhoe Energy, Inc.,* 490 Fed.Appx. 86, 104 (10th Cir. 2012)).

[22] *Id.* (quoting *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D.Colo. 2014)).

[23] *Id.* (quoting *Washington v. Arapahoe County Dept. of Social Servs.*, 197 F.R.D. 439, 441 (D.Colo. 2000)).

[24] *Id.*

[25] Opposition at 1-2.

DUCivR 7-1 (b)(1)(A)(1) provides that motions are not to be made in response to reply memoranda. Specifically, the rule states:

> No motion, including but not limited to cross-motions and motions pursuant to Fed. R. Civ. P. 56(d), may be included in a response or reply memorandum. Such motions must be made in a separate document. A cross-motion may incorporate the briefing contained in a memorandum in opposition.

This does not mean, as Plaintiff contends,[26] that *cross-motions* for summary judgment are considered "responsive documents" to a timely filed Rule 56(d) motion. Indeed, that is why DUCivR 7-1 (b)(1)(A)(1) specifies that *responsive documents are not to include motions.*

And although a cross-motion for summary judgment may incorporate the briefing contained in a memorandum in opposition, this would apply to instances where dispositive motions—including cross-motions—are timely filed before the expiration of the applicable deadline motion. Nothing in DUCivR 7-1 (b)(1)(A)(1) permits the belated filing of a cross-motion for summary judgment without leave simply because it is "responding" to arguments raised in a previously filed motion for summary judgment by an opposing party.

Plaintiff's reliance on the advisory committee note to the 1946 Amendment to Fed. R. Civ. P. 56 is also misplaced. Plaintiff selectively quotes language from this committee note that Rule 56 "allows a claimant to move for summary judgment at any time after the expiration of 20 days … after the service of a motion for summary judgement by the adverse party."[27] However, Plaintiff ignores what immediately follows the quoted text: "This will normally operate to permit an *earlier* motion by the claimant than under the original rule[.]"[28]

---

[26] Opposition at 2.

[27] Fed. R. Civ. P. 56 advisory committee's note to 1946 amendment.

[28] *Id.*

As the note explains, the purpose of the 1946 amendment was to remove any prohibition on a claimant filing for summary judgment before an opposing party formally filed an answer.[29] The 1946 amendment therefore applies to circumstances that arise early on in a case—long before the expiration of an established dispositive motion deadline. The amendment does not support Plaintiff's interpretation that she is permitted to file a cross-motion for summary judgment in response to an opposing party's summary judgment motion after the dispositive motion deadline expires.

Plaintiff has incorrectly understood these procedural requirements and, based on that faulty interpretation, deliberately ignored the established deadline to file dispositive motions. Furthermore, she has not offered any other appropriate justification for ignoring the ordered deadline. Defendant's Motion is granted, and Plaintiff's Counter Motion for Summary Judgment is stricken.

## II. Plaintiff's Belated Disclosure of the Beck and O'Dell Declarations Violates Fed. R. Civ. P. 26(e)(1) Because the Failure to Disclose Was Not Substantially Justified or Harmless

Before addressing Defendants' challenge to the Steve Beck and Kelly O'Dell declarations, it is necessary to address Plaintiff's argument that Defendants have inappropriately made a motion to strike.[30] DUCivR 7-1(b)(1)(b) states that "[m]options to strike evidence as inadmissible are no longer appropriate and should not be filed. The proper procedure is to make an objection." However, Defendants are not raising issues regarding admissibility under the Federal Rules of Evidence. Defendants are arguing that Plaintiff violated the duty of disclosure

---

[29] *Id.*

[30] Opposition at 2-3.

in the Federal Rules of Civil Procedure.[31] Defendants have sought relief that is permitted under federal and local rules and the Motion will be considered as to the declarations.

Defendants included in their request for production "all documents that related to or concern any communication between [Plaintiff] and any current or former [co-worker] related to the allegations in Plaintiff's Amended Complaint."[32] Plaintiff represents that, through counsel, she provided a list of witnesses with discoverable information and an e-mail with a summary and description of these sorts of communications.[33]

However, once a party has responded to a request for production, Fed. R. Civ. P. 26(e)(1) imposes a continuing duty to supplement these responses:

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

If a party fails to provide information in compliance with this duty, Fed. R. Civ. P. 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." According to the United States Court of Appeals for the Tenth Circuit, four factors are to be considered when determining if a party's failure to disclose was substantially justified or harmless: "(1) the prejudice or surprise to the impacted party (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness."[34]

---

[31] Reply at 6.

[32] Motion at 6.

[33] Opposition at 3-4.

[34] *Bio Med Techs. Corp. v. Sorin CRM USA, Inc.*, No. 14-CV-0154-WJM-CBS, 2015 WL 7294791, at *5 (D. Colo. Nov. 19, 2015) (citing Woodworkers Supply, Inc. v. Principal Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)).

These factors do not support the conclusion that Plaintiff's failure to disclose the declarations of Steve Beck and Kelly O'Dell was either substantially justified or harmless. As to the first three factors, Defendants have made it very clear in their briefing that, in addition to the declarations being attached to an untimely and unexpected cross-motion for summary judgment, the existence of these declarations was a surprise to them.[35] Fact discovery had been closed for nearly five months when Plaintiff filed the declarations on November 11. At this point, well into the briefing period for Defendants' dispositive motions, it is difficult to imagine how Defendants would be able to cure the prejudice of this belated disclosure. And a cure could not occur in a way that would not disrupt the established scheduling as the case proceeds towards trial.

As to the last factor, Plaintiff argues that the belated disclosure was inadvertent and not in bad faith.[36] Plaintiff maintains that providing the list of potential witnesses and the summary e-mail is proof that she complied with Defendants' request and fulfilled her Rule 26 duties.[37] Although the e-mail relates events and statements that are included in the Steve Beck and Kelly O'Dell declarations, *the e-mail does not identify Beck or O'Dell by name*[38] or in such a way that Defendants would have been able to select them off of the list of potential witnesses to interview during the discovery period. The unspecific and summary nature of the e-mail *required* continued clarification and supplementation under Fed. R. Civ. P. 26(e)(1). Plaintiff failed to uphold that obligation here.

Even if Plaintiff's failure to disclose was not made in bad faith, the decision to rely on a list of potential witness and a summary of the witnesses' information during the discovery period

---

[35] Motion at 6.

[36] Opposition at 3-4.

[37] *Id.* at 4.

[38] Opposition, Exhibit 2, Summary E-mail of Interviews, docket no. 51-2, filed November 22, 2019.

and then disclose the declarations of two specific witnesses after the discovery period had passed was willful. Plaintiff's actions were not substantially justified or harmless under the applicable factors and represent a violation of Fed. R. Civ. P. 26(e)(1). A sanction under Fed. R. Civ. P. 37(c)(1) is appropriate and therefore Defendants' Motion is granted. The declarations of Steve Beck and Kelly O'Dell are stricken and cannot be used as evidence.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion is Strike[39] is GRANTED. IT IS FURTHER ORDERED that Plaintiff's Joint Counter-Motion for Summary Judgment[40] and the attached declarations of Steve Beck and Kelly O'Dell[41] are STRICKEN.

Signed December 5, 2019

BY THE COURT

David Nuffer
United States District Judge

---

[39] Defendants' Joint Expedited Motion to Strike Plaintiff's Counter-Motion for Summary Judgment and the Declarations of Kelly O'Dell and Steve Beck, docket no. 49, filed November 20, 2019.

[40] Plaintiff's Joint Motion to Conoco Phillips' and Wood Groups' Motion for Summary Judgment, docket no. 46, filed November 11, 2019.

[41] Plaintiff's Counter Motion for Summary Judgment, Exhibit 26, Declaration of Steve Beck, docket no. 46-26, filed November 11, 2019; Plaintiff's Counter Motion for Summary Judgment, Exhibit 27, Declaration of Kelly O'Dell page 1, docket no. 46-27, filed November 11, 2019; Plaintiff's Counter Motion for Summary Judgment, Exhibit 28, Declaration of Kelly O'Dell page 2, docket no. 46-28, filed November 11, 2019; Plaintiff's Counter Motion for Summary Judgment, Exhibit 29, Declaration of Kelly O'Dell page 3, docket no. 46-29, filed November 11, 2019;