IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JODEE LESTER,<br><br>      Plaintiff,<br>v.<br><br>CONOCOPHILLIPS and<br>WOODGROUP PSN, INC.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT CONOCOPHILLIPS' MOTION FOR SUMMARY JUDGMENT**<br><br>Civil No. 4:18-cv-00022-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

  This case arises out of events that occurred during plaintiff Jodee Lester's ("Lester") work as a contractor at the Price, Utah, site of defendant ConocoPhillips ("COP"). Lester alleges she was slandered, harassed, discriminated against, and otherwise wronged while working at COP. COP now moves for summary judgment on Lester's claims (the "Motion").[1] Lester's opposition memorandum[2] and COP's reply memorandum[3] have been reviewed. For the reasons stated below, the Motion will be GRANTED.

---

[1] Motion for Summary Judgment, docket no. 42, filed Sept. 23, 2019.

[2] Opposition to Conoco Phillips' Motion for Summary Judgment, docket no. 47, filed Nov. 11, 2020.

[3] Conoco Phillips' Reply Memorandum in Support of its Motion for Summary Judgment, docket no. 58, filed Dec. 6, 2020.

**Contents**

DISCUSSION ........................................................................................................................ 2
    Legal Standard .............................................................................................................. 2
    Slander per se claim fails ............................................................................................. 3
        Business Reputation ............................................................................................... 3
        Unchastity ............................................................................................................... 4
        Special Damages .................................................................................................... 7
    Intentional interference with economic relations claim fails ....................................... 7
    Intentional infliction of emotional distress fails as a matter of law .............................. 8
    Negligent infliction of emotional distress fails as a matter of law ............................. 10
    Assault claim fails ...................................................................................................... 11
    Title VII (Sexual Harassment) claim fails ................................................................. 12
    Title VII (Gender Discrimination) fails ..................................................................... 15
    ADA (Disability Harassment and Discrimination) claim fails .................................. 16
ORDER ............................................................................................................................... 18

## DISCUSSION

Lester has asserted claims against COP in her Amended Complaint for (1) slander per se, (2) intentional infliction of emotional distress, (3) intentional interference with economic relations, (4) assault, (5) sexual harassment, (6) gender discrimination, and (7) disability harassment and discrimination. All these claims are dismissed with prejudice.[4] There are no genuine disputes as to any material fact pertaining to these claims, and COP is accordingly entitled to judgment as a matter of law.

## Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] After the movant demonstrates the absence of evidence supporting the nonmovant's case, the nonmovant must show more than simply "some

---

[4] Amended Complaint, docket no. 35, filed Aug. 26, 2019.

[5] Fed.R.Civ.P. 56(a).

metaphysical doubt as to the material facts."[6] He or she must present "sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor."[7]

**Slander per se claim fails**

To constitute slander per se, without a showing of special harm, words must "fall into one of four categories: (1) charge of criminal conduct; (2) charge of loathsome disease; (3) charge of conduct that is incompatible with the exercise of a lawful business, trade, profession, or office; and (4) charge of the unchastity of a woman."[8]

Lester alleges her co-workers made statements about her that fall into the business reputation and unchastity categories.

*Business Reputation*

Lester alleges several different co-workers unfairly criticized her job performance and said she had a bad attitude.[9] These statements were allegedly made to Lester's supervisor, Aaron Rigamonti, by COP employees Shaun Hammer, Mr. Brooks, and/or Jason Bennett.[10]

Some of the statements were made to Lester, not to third parties. For example, on one occasion Lester was told by Aaron Rigamonti that she had an "attitude" toward a vendor.[11] Any statements made to Lester rather than to third parties cannot support a claim for slander per se.[12]

The alleged statements that were made to third parties are not actionable because they are nothing more than critiques of Lester's job performance. Under Utah law, a statement that one is

---

[6] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[7] *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

[8] *Allred v. Cook*, 590 P.2d 318, 320 (Utah 1979).

[9] Amended Complaint at ¶ 45.

[10] *Id.* at ¶ 47.

[11] *Id.* at ¶ 31.

[12] *DeBry v. Godbe*, 1999 UT 111, ¶ 23.

not a good employee or is an incompetent employee is not sufficient to support a claim for slander per se.[13] Thus, being unfairly blamed for ordering the wrong parts[14] does not support a claim for slander per se. Furthermore, a statement that one has a bad attitude is "disparagement of a general character, equally discreditable to all persons" and does not pertain to a quality that is peculiarly valuable in Lester's professional activities.[15]

There are no disputed issues of material fact on Lester's claim for slander per se based on business reputation. The evidence produced by Lester is not sufficient to support a jury verdict in her favor. COP is accordingly entitled to summary judgment on this claim.

*Unchastity*

Lester alleges "her reputation was harmed regarding statements made regarding the charge of her unchastity toward another employee with the allegations that she was sleeping with another fellow employee."[16] Lester alleges one of her co-workers, Zac Roberts, told three other co-workers, Steven Oddendahl, Dustin Lofeley and Chris Cook, that they (Lester and Roberts) were "sleeping together."[17] Lester further alleges Zac Roberts told co-workers that Lester "[had] a thing" for an unnamed co-worker and that Lester "wanted to sleep with other co-workers."[18] It is undisputed that all of these statements were made prior to May 2017.[19]

---

[13] *Niles v. Jones*, Case No. 2:03-CV-18-TS, 2004 WL 724451, at *5 (D. Utah 2004) ("The allegation that Plaintiff was 'not a good employee' is insufficient to show defamation."); *Allred*, 590 P.2d at 321; *see also Larson v. Sysco*, 767 P.2d 557, 560 (Utah 1989) (stating that a notation that an employee was fired for "poor performance" is insufficient to show defamation per se).

[14] Amended Complaint at ¶¶ 45-46.

[15] *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1277 (10th Cir. 2000) (citing Restatement (Second) of Torts § 573 comment (b)).

[16] Amended Complaint at ¶ 44.

[17] *Id*. at ¶ 11.

[18] *Id*.

[19] Deposition of Jodee Lester ("Lester Depo") at 198:2-21, docket no. 42-1.

The statute of limitations in Utah for defamation is one year.[20] The limitation period begins to run on the date the defamatory statement is known or reasonably discoverable by the plaintiff.[21] Lester overheard the "sleeping together" statements when they were made in April 2017.[22] Assuming for purposes of this Motion the latest possible publication date of April 30, 2017, Lester was required to file her slander per se claim on the "sleeping together" comments on or before April 30, 2018. She did not. She filed on May 1, 2018.[23] Lester's claim for defamation based on the Zack Roberts statements are accordingly barred by the statute of limitations.[24]

Lester identified at her deposition one allegedly defamatory statement that was made within the statutory period. In May 2017, Lester claims she was sitting in a conference room at work waiting for a meeting to begin when she heard Zac Roberts say to Chris Cook: "She's staring at you, she must want you."[25].

If a "statement is capable of two interpretations, one slanderous and the other not the statement cannot be slander per se."[26] The "she's staring at you, she must want you" statement is capable of at least two interpretations. While it may be interpreted as having a sexual meaning, it may also be interpreted non-sexually to simply mean "she is trying to get your attention because she has something she wants to say to you." As such, this statement cannot be slander per se.

---

[20] Utah Code Ann. § 78B-2-302(4).

[21] *Pliuskaitis v. USA Swimming, Inc.*, 243 F.Supp.3d 1217, 1228 (D. Utah 2017) (citing *Allen v. Ortez*, 802 P.2d 1307, 1314 (Utah 1990)).

[22] Lester Depo. at 197:3-199:5.

[23] Complaint, docket no. 2, filed May 1, 2018.

[24] Utah Code Ann. § 78B-2-302(4).

[25] Lester Depo. at 194:3-25.

[26] *Farm Bureau Life Ins. Co. v. American Nat. Ins. Co.*, 505 F.Supp.2d 1178, 1192 (D. Utah 2007).

Furthermore, even if the "she's staring at you" comment did constitute slander per se, COP is not vicariously liable for it. "[A]n employer can be vicariously liable for the intentional tortious acts of employees under the theory of respondeat superior if those acts are conducted within the scope of employment."[27] To be within the scope of employment the conduct must: (1) "be of the general kind the employee is employed to perform," (2) "occur within the hours of the employee's work," and (3) "be motivated, at least in part, by the purpose of serving the employer's interest."[28]

Applying these factors, it is clear that Roberts' "she's staring at you" comment was not within the scope of his employment. It is undisputed that the comment was not part of his duties, and was not in any way motivated by the purpose of serving COP's interest. While usually a jury determines if an employee is acting within the scope of employment, "in situations where the activity is so clearly within or without the scope of employment that reasonable minds cannot differ, it lies within the prerogative of the trial judge to decide the issue as a matter of law."[29] Roberts' "she's staring at you" comment was so clearly outside the scope of his employment that it can be decided as a matter of law in COP's favor.

There are no disputed issues of material fact on Lester's claim for slander per se based on unchastity. COP is accordingly entitled to summary judgment in its favor on this claim.

---

[27] *Clark v. Pangan*, 998 P.2d 268, 270 (Utah 2000).

[28] *Birkner v. Salt Lake County*, 771 P.2d 1053, 1057 (Utah 1989).

[29] *J.H. By and Through D.H. v. West Valley City*, 840 P.2d 115, 122-23 (Utah 1992) (internal quotation marks and citations omitted).

*Special Damages*

Because Lester's alleged defamatory statements are not per se slanderous, Lester is required to special damages as part of her defamation claim.[30] "Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct, and typically stem from and depend upon the particular circumstances of the case."[31] Special damages "require the pleading of considerable detail."[32]

Lester has not pled any special damages in her Amended Complaint or presented any admissible evidence of special damages. COP is accordingly entitled to summary judgment in its favor on this claim.

### Intentional interference with economic relations claim fails

An intentional interference claim requires three elements: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) . . . by improper means, (3) causing injury to the plaintiff."[33] The "improper means" prong is satisfied where "the means used to interfere with a party's economic relations are contrary to law, such as violations of statutes, regulations, or recognized common-law rules."[34]

The "improper means" identified by Lester are the allegedly defamatory statements made by Lester's co-workers, including the comment that Lester is a "dominant female."[35] For the reasons discussed above, the allegedly defamatory statements here are not defamation. As such,

---

[30] *Diesel Power Source v. Crazy Carl's Turbos, Inc.*, Case No. 2:14-cv-0-826-DN, 2017 WL 1131892, at *3 (D. Utah 2017).

[31] *Id*.

[32] *Id*.

[33] *Eldridge v. Johndrow*, 345 P.3d 553, 556 (Utah 2015).

[34] *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 308 (Utah 1982) (overruled on other grounds by *Eldridge*, 345 P.3d 553).

[35] Amended Complaint at ¶¶ 70-72; Lester Depo. at 378:14-16.

they do not satisfy the "improper means" element of a claim for intentional interference.[36] Furthermore, the "dominant female" comment was made in 2015[37] and is therefore barred by the applicable statute of limitations.[38]

There are no disputed issues of material fact on Lester's claim for intentional interference with economic relations. COP is accordingly entitled to summary judgment in its favor on this claim.

### Intentional infliction of emotional distress fails as a matter of law

The elements of a claim for intentional infliction of emotional distress are: (1) the defendant intentionally engaged in some conduct toward the plaintiff so outrageous that it offends the generally accepted standards of decency; (2) the conduct engaged in must be for the purpose of inflicting emotional distress or that a reasonable person would have known that such conduct would inflict emotional distress; and (3) severe emotional distress actually resulted.[39]

"Whether the conduct is outrageous enough is a legal question for the court to resolve. The burden of proving outrageous conduct is a heavy one. Liability exists only where the conduct is 'atrocious, and utterly intolerable in a civilized community.'"[40] "If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails, and a court may properly grant the defendant summary judgment on an intentional

---

[36] *See e.g., Davidson v. Baird*, 2019 UT App 8, ¶ 55, 438 P.3d 928, 945 (Utah Ct. App. 2019) (finding that because the defamation claim failed, the tortious interference claim also failed as the "improper means" element of the claim was based solely on the defamation allegations).

[37] Lester Depo. at 75:4-80:4.

[38] When an interference claim is "based on the same operative facts that would support a defamation action," the claim is subject to the one-year statute of limitations for defamation. *See Diamond Ranch Academy, Inc. v. Filer*, Case No. 2:14-CV-751-TC, 2016 WL 633351, at *19 (D. Utah 2016) (quoting *Jensen v. Sawyers*, 130 P.3d 325, 336 (Utah 2006)).

[39] *Russell v. Thomson Newspapers, Inc.*, 842 P.2d 896, 905 (Utah 1992).

[40] *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1075 (D. Utah 1999) (internal citations omitted).

infliction of emotional distress claim."[41] "[M]ere insults, indignities, threats, annoyances, petty oppression, or other trivialities are not enough; the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."[42]

The allegedly outrageous conduct at issue here consists of a series of workplace incidents in which Lester's co-workers either criticized her work performance, made unwanted sexual advances, or claimed to have a sexual relationship with her.[43] These incidents, while undesirable, are workplace issues and conflicts that do not rise to the level of outrageous conduct as a matter of law.

In addition, Lester has not come forward with sufficient evidence of severe emotional distress. Ultimately, "it is for the court to determine whether, on the evidence severe emotional distress can be found."[44] Lester has not produced evidence of severe distress caused by COP's alleged actions. Lester testified that she saw a doctor one time for her alleged emotional distress,[45] and produced a medical record of a March 21, 2018 visit to a medical professional. The doctor stated that Lester "has always had some anxiety that she has been able to cope with but the last few months or so she has struggled. She is going through some legal issues with her work causing stress and anxiety."[46] That evidence may be sufficient to establish some level of

---

[41] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 38, 56 P.3d 524 (citations omitted).

[42] *Zemaitiene v. Corporation of Presiding Bishop of the Church of Jesus Christ of Latter–Day Saints*, Case No. 2:16-cv-1271-RJS, 2018 WL 1581252, at *3 (D. Utah 2018) (internal quotations omitted) (quoting *Prince*, 56 P.3d at 535).

[43] Amended Complaint at ¶¶ 57, 58, 61, 64, 65, 67; Lester Depo. at 328:15-24; 329:10-23; 339:5-17; 368:21-371:7; 374:15-375:4.

[44] *Nielson v. Wells Fargo Bank, Nat. Ass'n*, Case No. 2:14-cv-052, 2015 WL 136317, at *3 (D. Utah 2015) (internal quotation marks and citation omitted). The quotation is rooted in Restatement, Torts (2d), s 46, Comment h, which makes clear that the inquiry by the court is "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery," in which case the issue is for a jury.

[45] Lester Depo. at 148:12-24.

[46] Lester Depo., Exh. 44 at WG-000874.

emotional distress, but it is not sufficient to establish that she "suffered distress so severe that a reasonable person could not be expected to endure it."[47]

There are no disputed issues of material fact on Lester's claim for intentional infliction of emotional distress. COP is accordingly entitled to summary judgment in its favor on this claim.

### Negligent infliction of emotional distress fails as a matter of law

The headings of Lester's complaint do not call attention to a claim for negligent infliction of emotional distress. However, buried in the allegations of the claims for intentional infliction of emotional distress are allegations "in the alternative" that conduct was "done negligently."[48]

An actor who unintentionally causes emotional distress to another is liable to the other for resulting illness or bodily harm if the actor "(a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and (b) from facts known to him, should have realized that the distress, if it were caused, might result in illness or bodily harm."[49]

To sustain a claim for negligent infliction of emotional distress "it is not enough for a plaintiff to merely allege emotional distress. Instead, she must prove that distress by means of severe physical or mental manifestations."[50]

Lester has not come forward with any evidence that the distress she claims to have suffered manifested itself through severe physical or mental symptoms.

Accordingly, COP is entitled to summary judgment in its favor on this claim.[51]

---

[47] *Nielson*, 2015 WL 136317, at *3.

[48] ¶¶ 57a, 58a, 61, 61a, and 64a.

[49] *Carlton v. Brown*, 2014 UT 6, ¶ 56.

[50] *Id.* at ¶ 57.

[51] COP did not expressly move for summary judgment on Lester's alternative claim for negligent infliction of emotional distress. However, the state of the evidence developed in connection with Lester's claim for intentional infliction of emotional distress is dispositive of Lester's claim for negligent infliction of emotional distress, and that

### Assault claim fails

"An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (b) the other is thereby put in such imminent apprehension."[52]

Lester's assault claim is based on allegations that her co-worker Jeff Kirby approached her during work on several occasions in 2014-15 and asked to "hook-up."[53] On one occasion, Kirby allegedly booked a hotel with adjoining rooms and told Lester to just "knock on the door if 'she felt like it.'"[54] Lester also alleges that on multiple occasions, Kirby text messaged Lester asking to hook-up.[55]

These alleged facts do not constitute a claim for assault. There is no harmful or offensive contact or apprehension of an imminent contact or harm.

There are no disputed issues of material fact on Lester's claim for assault. COP is accordingly entitled to summary judgment in its favor on this claim.

---

claim is also properly adjudicated at this time. If Lester had any evidence of having suffered severe physical or mental manifestations as a result of COP's conduct (which is the same for both the intentional and negligent claims), then she surely would have produced that evidence to support her intentional infliction claim, which, as described above, lacks evidentiary support of severe emotional distress.

[52] *Larsen v. Davis County School District*, 2017 UT App 221, ¶ 31, n.5, 409 P.3d 114, 122 (quoting Restatement (Second) of Torts § 21 (Am. Law Inst. 1965)).

[53] Amended Complaint at ¶¶ 78-81; Lester Depo. at 318:21-319:3.

[54] Lester Depo. at 323:9-324:8.

[55] Lester Depo. at 325:7-16.

**Title VII (Sexual Harassment) claim fails**

Lester's sexual harassment claim under Title VII is based on alleged statements made by her co-workers that she was engaged in, or was interested in becoming engaged in, sexual relationships with co-workers.[56]

This claim fails as a matter of law for at least two reasons. First, COP was not Lester's employer or joint employer. Only employers can be held liable for claims brought under Title VII.[57] It is undisputed that COP was not Lester's employer at the time of the alleged conduct underlying Lester's Title VII claims; rather, she was employed by defendant WoodGroup PSN, Inc. ("WoodGroup") and assigned to provide services to COP as a contractor.[58]

Nor was COP a joint employer of Lester. "Under the joint employer test, two entities are considered joint employers if they 'share or co-determine those matters governing the essential terms and conditions of employment.'"[59] There is no evidence that COP participated in the determination of the essential terms and conditions of employment, or that COP supervised Lester beyond the confines of the job duties at COP.[60] It is undisputed that WoodGroup had exclusive control over Lester's pay and benefits,[61] and COP did not have the authority to terminate Lester's employment.[62, 63]

---

[56] Amended Complaint at ¶ 85.

[57] 42 U.S.C. § 2000e-2(a)(1); *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014).

[58] Lester Depo. at 42:19-43:13; 35:8-10.

[59] *Knitter*, 758 F.3d at 1227 (citation omitted).

[60] *Id*. at 1226-27.

[61] Lester Depo. at 83:7-10.

[62] Declaration of Aaron Rigamonti at ¶ 3, docket no. 42-8.

[63] *Knitter*, 758 F.3d at 1226 ("Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain circumstances. . .")

Since COP was not Lester's employer or joint employer, it cannot be held liable for a sexual harassment claim brought under Title VII.

Second, even if Lester were able to establish an employment relationship with COP, Lester's sexual harassment claim would fail because she failed to exhaust her administrative remedies before filing suit. "A plaintiff must exhaust h[er] administrative remedies before filing a lawsuit under Title VII."[64] "Exhaustion is a jurisdictional prerequisite to suit" in any Title VII claim.[65] "The court's inquiry 'is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim.'"[66]

Thus, a plaintiff is required to describe in an administrative complaint all the facts that relate to the discrimination alleged in the lawsuit. "Discriminatory or retaliatory actions that are not specifically included in an EEOC charge may not be pursued as part of the plaintiff's Title VII claim in federal court."[67]

Lester stated the following facts in her Charge of Discrimination filed with the Utah Anti-Discrimination & Labor Division ("UALD")[68]:

---

[64] *Slaughter v. Boeing Co.*, Case No. 2:11-cv-537-DN, 2013 WL 65462, at *1 (D. Utah 2013) (citing *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007)).

[65] *Jones*, 502 F.3d at 1183.

[66] *Brown v. Lowe's HIW, Inc.*, Case No. 2:13-cv-72, 2014 WL 4922614, at *4 (D. Utah Sept. 30, 2014).

[67] *Slaughter,* 2013 WL 65462, at *1.

[68] Lester Depo., Exhibit 28.

> I was hired by the above company on or about March 28, 2010. My most recent position was shipping and receiving tech. In or around May 2017, my coworker Zack Roberts was making comments about me sleeping with co-workers. He also made comments suggesting I wanted to sleep with coworkers. I complained to Gilbert Vasquez, Production Supervisor, who threaten to fire me if I went to human resources.
>
> In or around September 2017, I complained to Aaron Rigamontti, Supervisor, about my male coworkers not willing to work with me when I asked for help, however, he just made comments to me having a bad attitude.
>
> In or around December 2017, I requested time off due to an injury which required a couple weeks off work however; I only took one day off work due to the fact the male coworkers would complain.
>
> On or about January 4, 2018, I was terminated.

These allegations set the bounds for what Lester may claim in this action under Title VII. All other allegations in Lester's Amended Complaint are barred for failure to exhaust administrative remedies because they were not included in the UALD complaint.[69]

The first claim in Lester's UALD complaint alleges an incident of sexual harassment based on co-worker Zack Roberts' suggestion that Lester was "sleeping with co-workers". Lester, however, did not administratively exhaust this claim. The alleged comments were made in May 2017.[70] Title VII requires a plaintiff to file a complaint with the EEOC within 180 days of the alleged violation, or within 300 days with a state agency.[71] Lester filed her UALD Charge of Discrimination making the "sleeping with co-workers" allegation on June 14, 2018, more than 300 days after May 2017.[72]

Because Lester did not timely file an administrative complaint regarding the "sleeping with co-workers" comments, her sexual harassment claim based on those comments was not administratively exhausted, and cannot as a matter of law be asserted in this action.

---

[69] *Slaughter*, 2013 WL 65462, at *1.

[70] *Id*.

[71] *Duncan v. Manager, Dept. of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005) (citing to 42 U.S.C. § 2000E–5(e)(1)).

[72] 300 days after the last day in May 2017 would have been March 27, 2018.

For these reasons, Lester's sexual harassment claim under Title VII fails as a matter of law and COP is entitled to summary judgment.

### Title VII (Gender Discrimination) fails

Lester alleges she was treated with disrespect, mockery and hostility by her male co-workers and supervisors because of her gender.[73]

This Title VII claim fails because, as discussed in the preceding section, COP was not Lester's employer or joint employer. Only employers or joint employers can be held liable for claims brought under Title VII.[74]

Even if Lester were able to establish an employment relationship with COP, Lester's gender discrimination claim would fail. As discussed in the preceding section, "[a] plaintiff must exhaust h[er] administrative remedies before filing a lawsuit under Title VII."[75] Accordingly, Lester's gender discrimination claim in this action is limited to the claims made in her UALD Charge of Discrimination.

Lester alleged two instances of gender discrimination in her UALD complaint. First, Lester alleges she complained to Aaron Rigamonti, her COP supervisor, that male co-workers were unwilling to work with her. In response, Rigamonti told her she had a bad attitude.[76] Second, Lester alleges she only missed one day of work after suffering an injury to avoid complaints from her male-coworkers about her taking too much time off.[77]

---

[73] Amended Complaint at ¶¶ 91-102.

[74] *Knitter*, 758 F.3d at 1225.

[75] *Slaughter*, 2013 WL 65462, at *1.

[76] Lester Depo., Exhibit 28.

[77] *Id*.

Lester has failed to demonstrate how gender was related to the Rigamonti incident. There is no evidence that Rigamonti criticized Lester's attitude based on her gender. "A Title VII plaintiff must establish a nexus between the behavior and his or her sex."[78] Lester has not done that here. Therefore, Rigamonti's "bad attitude" comment cannot as a matter of law form the basis of a claim for gender discrimination under Title VII.

Lester's allegation that she only missed one day of work after suffering an injury does not constitute gender discrimination. There is no evidence, or even allegation, that COP required or pressured Lester to return to work early for any reason, let alone her gender. To the contrary, Lester states that she returned early based on her own subjective fear that male co-workers would complain if she took off more time. There is no adverse employment action by COP against Lester here, and therefore no basis for a claim for gender discrimination.[79]

### ADA (Disability Harassment and Discrimination) claim fails

Lester's claim for disability harassment and discrimination under the ADA is based on an ankle injury she suffered at home on December 2, 2017.[80] Lester alleges that COP did not allow her to use sick leave to recover, which caused Lester to return to work before the injury had healed.[81] Lester further alleges she was "ultimately terminated in the wake of her foot injury."[82]

This claim fails as a matter of law because COP was not Lester's employer or joint employer. Only employers or joint employers can be held liable for claims brought under the

---

[78] *Hanson v. American Express Co.*, Case No. C85-0643G, 1986 WL 54777, *3 (D. Utah Dec. 6, 1986).

[79] *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) ("To make out a prima facie case of discrimination, the female Plaintiffs must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees.") (citation omitted).

[80] Amended Complaint at ¶¶ 34, 106-110; Lester Depo. at 222:15-18.

[81] Amended Complaint at ¶¶ 107-108.

[82] *Id*. at ¶ 110.

ADA.[83] It is undisputed that COP was not Lester's employer at the time of the alleged conduct underlying Lester's ADA claims.[84] Nor was COP a joint employer of Lester, for the reasons discussed above.

Even if Lester were able to establish an employment relationship with COP, her disability claim would fail as a matter of law. To prevail on her ADA claim, Lester must establish, among other things, that she has a disability.[85] The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."[86] Whether a plaintiff has an impairment within the meaning of the ADA and whether it affected a major life activity for purposes of the ADA are questions of law for the court to decide.[87] To determine whether a plaintiff meets this substantially limited standard, the Court should consider "[t]he nature and severity of the impairment; [t]he duration or expected duration of the impairment; and [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment."[88]

It is undisputed that Lester sprained her ankle on December 2, 2017.[89] It is further undisputed that, notwithstanding the injury, Lester was still able to bear full weight on her injured ankle and was able to ambulate the foot.[90] Lester only took one day off from work to rest

---

[83] *Knitter*, 758 F.3d at 1225.

[84] Lester Depo. at 42:19-43:13; 35:8-10.

[85] *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014) (citation omitted).

[86] *Id*. (quoting 42 U.S.C. § 12102(2)).

[87] *Holt v. Grand Lake Mental Health Center, Inc.*, 443 F.3d 762, 765 n.1 (10th Cir. 2006).

[88] *Strebel v. Roosevelt City Police Dept.*, Case No. 2:09-CV-00408-TC, 2010 WL 5140490, at *3 (D. Utah 2010).

[89] Lester Depo. at 222:15-18; Lester Depo., Exh. 29, docket no. 42-6.

[90] Lester Depo. at 224:3-16.

her ankle[91], and never requested any accommodation for her injury.[92] Lester's doctor did not place any work restrictions on her.[93] By April 2018, Lester no longer even claimed to be disabled.[94]

This evidence is not sufficient to establish that Lester's foot injury substantially limited her in her major life activities. Lester has not submitted any expert testimony in support of her position.[95] Her own testimony is not sufficient, by itself, to establish that she has a disability under the ADA.[96] Accordingly, Lester's disability harassment and discrimination claims fail as a matter of law.

## ORDER

On this motion for summary judgment, COP bore the burden of "making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[97] COP satisfied that burden as to each of Lester's claims. In response, Lester had the burden to "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for [her]."[98] Lester has not satisfied this burden, for the reasons described above.

---

[91] *Id*. at 205:8-18.

[92] *Id*. at 212:17-23.

[93] Lester Depo., Exhs. 29 and 44.

[94] Lester Depo. at 180:1-14.

[95] *Felkins*, 774 F.3d at 652 (affirming grant of summary judgment for failure to present admissible expert evidence supporting Plaintiff's disability claim); *O'Neal v. Centene Management Company, LLC*, 2018 WL 4637270, at *15 (D. Kan. 2018) (granting summary judgment in favor of defendant because plaintiff has failed to provide expert testimony supporting a finding that plaintiff had an actual disability under the ADA).

[96] *Id*.

[97] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

[98] *Id*.

THEREFORE, IT IS HEREBY ORDERED that COP's Motion for Summary Judgment[99] is GRANTED. All of Lester's claims against COP in this action are dismissed with prejudice.

Signed January 28, 2021

BY THE COURT

_____
David Nuffer
United States District Judge

---

[99] Motion for Summary Judgment, docket no. 42, filed Sept. 23, 2019.