IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JODEE LESTER,<br><br>                      Plaintiff,<br>v.<br><br>CONOCOPHILLIPS and<br>WOODGROUP PSN, INC.,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT WOODGROUP PSN, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Civil No. 4:18-cv-00022-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

  Plaintiff Jodee Lester ("Lester") was employed by defendant WoodGroup PSN, Inc. ("WoodGroup") and assigned to work for defendant ConocoPhillips ("COP") as a receiving/shipping clerk. Lester alleges she was defamed, harassed, discriminated against, and otherwise wronged while working at COP. After being terminated from her position in January 2018, Lester brought claims against COP and WoodGroup.[1]

  COP and WoodGroup filed separate motions for summary judgment. COP's motion was granted in an order dated January 29, 2021 (the "COP Order").[2] For the reasons stated below, WoodGroup's motion for summary judgment (the "Motion")[3] will also be GRANTED.

---

[1] Amended Complaint, docket no. 35, filed Aug. 26, 2019.

[2] Memorandum Decision and Order Granting Defendant ConocoPhillips' Motion for Summary Judgment, docket no. 64, filed Jan. 28, 2021.

[3] Defendant Wood Group PSN's Motion for Summary Judgment, docket no. 43, filed Sept. 23, 2019.

## DISCUSSION

Most of the claims and allegations in the Amended Complaint are against COP. There is very little, if anything, substantively alleged against WoodGroup. Lester identifies a long list of COP employees who allegedly participated in the misconduct, but does not identify even one WoodGroup employee who was actively involved.[4] Likewise, the evidence submitted by Lester in opposition to Motion focuses on misconduct by COP employees. WoodGroup's alleged role in the story is that of a passive observer who did not do enough to protect Lester from mistreatment at COP.

Lester asserts claims against WoodGroup for (1) intentional infliction of emotional distress, and (2) breach of the implied covenant of good faith and fair dealing.[5] In addition, the Amended Complaint may be read to contain Title VII and ADA claims against WoodGroup, along with COP.[6] In an abundance of caution, it will be assumed for purposes of this Motion that the Title VII and ADA claims were asserted against both COP and WoodGroup.

### Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] After the movant demonstrates the absence of evidence supporting the nonmovant's case, the nonmovant must show more than simply "some

---

[4] Amended Complaint, docket no. 35, filed Aug. 26, 2019.

[5] *Id.*

[6] *Id.*

[7] Fed.R.Civ.P. 56(a).

metaphysical doubt as to the material facts."[8] He or she must present "sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor."[9]

**Lester's claim for intentional infliction of emotional distress fails as a matter of law**

The elements of a claim for intentional infliction of emotional distress are: (1) the defendant intentionally engaged in some conduct toward the plaintiff so outrageous that it offends the generally accepted standards of decency; (2) the conduct engaged in must be for the purpose of inflicting emotional distress or that a reasonable person would have known that such conduct would inflict emotional distress; and (3) severe emotional distress actually resulted.[10]

"Whether the conduct is outrageous enough is a legal question for the court to resolve. The burden of proving outrageous conduct is a heavy one. Liability exists only where the conduct is 'atrocious, and utterly intolerable in a civilized community."[11] "If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails, and a court may properly grant the defendant summary judgment on an intentional infliction of emotional distress claim."[12] "[M]ere insults, indignities, threats, annoyances, petty oppression, or other trivialities are not enough; the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."[13]

The allegedly outrageous conduct at issue here consists of WoodGroup "forcing Ms. Lester to use vacation pay when she was on crutches and a brace [due to an ankle injury], and

---

[8] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[9] *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

[10] *Russell v. Thomson Newspapers, Inc.*, 842 P.2d 896, 905 (Utah 1992).

[11] *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1075 (D. Utah 1999) (internal citations omitted).

[12] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 38, 56 P.3d 524 (citations omitted).

[13] *Zemaitiene v. Corporation of Presiding Bishop of the Church of Jesus Christ of Latter–Day Saints*, Case No. 2:16-cv-1271-RJS, 2018 WL 1581252, at *3 (D. Utah 2018) (internal quotations omitted) (quoting *Prince*, 56 P.3d at 535).

only allowing her take one day off and not giving her sick-leave when her doctor required her to to a few weeks off and terminating her thereafter."[14]

Lester has not come forward with evidence that any of that actually happened. To the contrary, Lester testified at her deposition that upon injuring her ankle, she requested only one day off of work.[15] Her request was approved by COP.[16] She did not contact anyone at WoodGroup regarding her ankle injury or her request for time off of work.[17] She was not required to use a vacation day for her day off.[18] Notwithstanding her ankle injury, Lester was able to fully bear weight on her sprained ankle and walk around.[19] There is no outrageous conduct by WoodGroup here, and Lester's claim for intentional infliction of emotional distress fails as a matter of law.

Lester further alleges that WoodGroup engaged in outrageous conduct by "terminating her in wake of hurting her foot and in wake of the false accusations that were made toward her."[20] Terminating the employment of an at-will employee[21] is not outrageous conduct.[22] Lester has not identified anything about WoodGroup's termination of her employment that could even remotely be characterized as "atrocious, and utterly intolerable in a civilized community."[23] She

---

[14] Amended Complaint at ¶ 63.

[15] Deposition of Jodee Lester ("Lester Depo.") at 205:8-18.

[16] *Id*. at 251:24-253:25.

[17] *Id*. at 446:12-25; 452:11-19.

[18] *Id*. at 251:24-253:25.

[19] *Id*. at 181:20-182:8; 224:3-16.

[20] Amended Complaint at ¶ 65.

[21] It is undisputed that Lester was an at-will employee at WoodGroup. *See* Lester Depo. at 41:16-42:8.

[22] *Vander Veur v. Groove Entertainment Technologies*, 2019 UT 64, ¶ 9 (citation omitted); *Sperber v. Galigher Ash Co*., 747 P.2d 1025, 1028 (Utah 1987) (holding that "mere discharge from employment" does not rise to the level of outrageous conduct by an employer).

[23] *Matthews*, 54 F.Supp.2d at 1075.

was simply fired. There are no allegations to suggest the firing was conducted in anything other than a professional, business-like manner. Lester may believe the firing was unjustified, but even if that is so, unjustified termination of employment by itself does not support a claim for intentional infliction of emotional distress (although it may support other claims).

Lester's claim for intentional infliction of emotional distress against WoodGroup fails as a matter of law, and WoodGroup is entitled to summary judgment.

**Lester's claim for breach of the implied covenant fails as a matter of law**

Lester alleges she had an employment contract with WoodGroup, and WoodGroup breached the implied covenant of good faith inherent in that contract by (1) making false statements made regarding Lester's job performance, (2) denying Lester time off following her ankle injury, (3) failing to "remedy the situation", (4) failing to properly address and remedy the complaints that were made against Lester by COP, and (5) allowing COP to make the decision to inform WoodGroup that Lester's services were no longer needed at COP.[24]

This claim fails at the outset because the undisputed evidence shows there was no employment contract between Lester and WoodGroup.[25] The implied covenant does not arise in the absence of a contract.[26] Lester testified at her deposition that she was an at-will employee of WoodGroup, and did not have any contract with WoodGroup.[27] Since there was no employment contract, there was no implied covenant of good faith and fair dealing applicable to Lester's relationship with WoodGroup. Lester's claim for breach of the implied covenant of good faith

---

[24] Amended Complaint at ¶¶ 82-83.

[25] Lester Depo at 41:16-42:8.

[26] *Tomlinson v. NCR Corp.*, 345 P.3d 523, 531 (Utah 2014) ("we have consistently rejected the notion of a free-standing implied covenant of good faith and fair dealing in the absence of a contract").

[27] Lester Depo at 41:16-42:8.

and fair dealing accordingly fails as a matter of law, and WoodGroup is entitled to summary judgment.

### Lester's Title VII claims fail

Lester's Title VII sexual harassment and gender discrimination claims against WoodGroup are based on the alleged statements and actions of COP personnel.[28] The undisputed evidence shows that no one at WoodGroup was involved in the alleged harassment and discrimination.[29] There is accordingly no factual basis for Lester's claims against WoodGroup.

Furthermore, Lester failed to exhaust her administrate remedies regarding any Title VII claims against WoodGroup by not naming WoodGroup in her administrative charge of discrimination.[30] Lester contends in her opposition memorandum that she did name WoodGroup as a respondent on the intake questionnaire that she submitted to the EEOC[31], but even if that is true, it is not relevant. The document that controls the question of who is named in an EEOC administrative proceeding is the verified Charge, not the intake questionnaire.[32] It is undisputed that WoodGroup was not named in Lester's verified Charge.[33]

Any contention by Lester that WoodGroup is vicariously liable must fail because Lester's Title VII claims against COP are deficient for the reasons detailed in the COP Order.[34] Most

---

[28] Amended Complaint at ¶ 85.

[29] Lester Depo. at 445:14-446:14.

[30] *Id.*, Exh. 28.

[31] Opposition to WoodGroup's Motion for Summary Judgment at 12, docket no. 48, filed Nov. 11, 2019.

[32] *Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017) ("While we acknowledge that there are times in which a different filing, such as an intake questionnaire, can constitute a charge for certain purposes, the general rule remains that we typically look to the charge form if one exists."); *see also Hankishiyev v. ARUP Laboratories*, 732 F. App'x 673, 677-78 (10th Cir. 2018) ("Because Mr. Hankishiyev filed a formal charge claiming only retaliation, not age discrimination, we decline to read allegations from the questionnaire into the charge itself. To do so would undermine the policies requiring exhaustion.").

[33] Lester Depo., Exh. 28.

[34] Docket no. 64.

significantly, Lester failed to exhaust her administrative remedies. The Title VII claims are accordingly barred, whether asserted directly against COP or vicariously against WoodGroup.

### Lester's ADA claims fail

Lester's ADA claims for disability harassment and discrimination are based on an ankle injury she suffered at home on December 2, 2017.[35] Lester alleges that COP did not allow her to use sick leave to recover, which caused Lester to return to work before the injury had healed.[36] Lester further alleges she was "ultimately terminated in the wake of her foot injury."[37]

Like with Lester's Title VII claims, it is not clear whether the ADA claims are made against WoodGroup directly or vicariously. Either way, the claims fail as a matter of law for the reasons detailed in the COP Order,[38] and because Lester failed to exhaust her administrate remedies regarding any Title VII claims against WoodGroup as set forth above.[39]

### ORDER

On this motion for summary judgment, WoodGroup bore the burden of "making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[40] WoodGroup satisfied that burden as to each of Lester's claims against it. In response, Lester had the burden to "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for [her]."[41] Lester has not satisfied this burden, for the reasons described above.

---

[35] Amended Complaint at ¶¶ 34, 106-110; Lester Depo. at 222:15-18.

[36] Amended Complaint at ¶¶ 107-108.

[37] *Id*. at ¶ 110.

[38] Docket no. 64.

[39] Lester Depo, Exh. 28.

[40] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

[41] *Id*.

THEREFORE, IT IS HEREBY ORDERED that WoodGroup's Motion for Summary Judgment[42] is GRANTED. All of Lester's claims against WoodGroup in this action are dismissed with prejudice.

Signed February 8, 2021

BY THE COURT

David Nuffer
United States District Judge

---

[42] Defendant Wood Group PSN's Motion for Summary Judgment, docket no. 43, filed Sept. 23, 2019.